IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2022 MAY 20 A 9: 12
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| STEVIE HATCHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. |
| vs. | ) 2:22-cv-308 |
| | ) **JURY DEMAND** |
| WHARF CASUAL SEAFOOD | ) |
| MONTGOMERY, INC., | ) |
| | |
| Defendant. | |

## **COMPLAINT**

### **I. JURISDICTION**

1. This is a suit instituted pursuant to the anti-retaliation provision of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*. Jurisdiction of this Court exists pursuant to 28 U.S.C. §1331 and 1343(4) and 29 U.S.C. §§216(b) and 217.

### **II. PARTIES**

2. Plaintiff Stevie Hatcher ("Plaintiff") is a citizen over the age of nineteen and a resident of Montgomery County, Alabama.

3. Defendant Wharf Casual Seafood Montgomery, Inc. ("Defendant") is a corporation headquartered in Lake Mary, Florida.

4. Defendant is and was at all times relevant to this complaint a covered entity with regard to the minimum wage and overtime provisions of the FLSA engaged in

commerce or in the production of goods for commerce as contemplated by 29 U.S.C. §§ 203(r) and 203(s).

### III. FACTS

5. Defendant owns and operates a restaurant named Wharf Casual Seafood in Montgomery, Alabama and did so during the events of this case.

6. In or about October of 2021, Plaintiff became employed at Defendant's restaurant.

7. Plaintiff was employed as a cook.

8. Plaintiff was always paid by the hour.

9. Plaintiff was always classified as non-exempt under the FLSA with respect to the payment of minimum wage and overtime.

10. David Hesler was General Manager of the restaurant.

11. Thomas Chandler was an Assistant Manager there.

12. On several occasions, Hesler went into Defendant's time-keeping program and cut the hours that Plaintiff had already worked.

13. This resulted in Plaintiff being paid nothing for the hours he had worked but which Hesler retroactively cut.

14. Plaintiff became aware of this and complained to both Hesler and Chandler.

15. Hesler falsely denied it.

16. On or about February 6, 2022, Plaintiff came into work and clocked in.

17. When he did, Plaintiff looked at his hours worked for the week and saw that Hesler had cut them again.

18. The program showed that Plaintiff had worked 19 hours thus far that week.

19. However, Plaintiff knew that he had worked 32.05 hours and had taken a photograph on his phone of the computer screen showing that.

20. Chandler was present at the time.

21. Plaintiff told Chandler that Hesler had cut his work hours again.

22. Plaintiff then showed Chandler the computer screen showing he had worked 19 hours and the screen shot on Plaintiff's phone showing he had actually worked 32.05 hours.

23. Chandler said that Plaintiff always came in to work with a "nasty attitude" and that he no longer worked there and should go home.

24. Chandler thus terminated Plaintiff.

## IV. CAUSES OF ACTION

### COUNT I

### FLSA

25. Paragraphs 1-24 are incorporated by reference.

26. Plaintiff's complaints as set forth above about not being paid for all hours worked constituted protected activity under 29 U.S.C. §215(a)(3).

27. Defendant terminated Plaintiff's employment in retaliation for his having engaged in this protected activity.

28. Defendant knew that its termination of Plaintiff was prohibited by law or showed reckless disregard for whether it was.

29. In doing so, Defendant willfully violated the FLSA.

30. As a result of Defendant's action, Plaintiff has suffered lost wages and benefits and emotional distress.

**WHEREFORE, these premises considered**, Plaintiff requests the following:

(i) That the Court enter an Order declaring that Defendant's acts as described herein violated the FLSA;

(ii) That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant from further violating the FLSA;

(iii) That the Court enter an Order requiring Defendant to make Plaintiff whole reinstating Plaintiff and placing him into the position he would have occupied in the absence of retaliation (or, alternatively, providing front-pay), providing back-pay and

lost benefits, and ordering Defendant to pay compensatory and liquidated damages as a jury may assess;

(iv) That the Court award Plaintiff prejudgment and post-judgment interest at the highest rates allowed by law and an amount to compensate him for any adverse tax consequences resulting from a judgment in his favor; and

(v) That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, attorney's fees, expert witness fees, and expenses.

Respectfully submitted,

*/s/ Adam M. Porter*

Adam M. Porter
Attorney for Plaintiff
Adam M. Porter, LLC
2301 Morris Avenue, Suite 102
Birmingham, Alabama 35203
Phone: (205) 322-8999
Facsimile: (205) 402-4619
Email: adam@adamporterlaw.com

Plaintiff requests trial by struck jury.

*/s/ Adam M. Porter*

Attorney for Plaintiff