IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STEVIE HATCHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No.  2:22-cv-308-RAH-CWB |
| | ) |
| WHARF CASUAL SEAFOOD | ) |
| MONTGOMERY, INC., | ) |
| | ) |
| Defendant. | ) |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the court is a motion to dismiss for failure to prosecute (Doc. 25) filed by Wharf Casual Seafood Montgomery, Inc.  Dismissal is sought due to Plaintiff's alleged failure to engage in discovery or take other appropriate action.  (*Id*.).  Although Plaintiff was affirmatively directed to respond to the motion by August 2, 2023 (Doc. 26), no response has been submitted.  Nor has the court received any other communication from Plaintiff since his former counsel was permitted to withdraw on February 28, 2023.  (Docs. 22, 23).[1]

"If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b).  The Eleventh Circuit has explained that dismissal with prejudice under Rule 41(b) is proper when "a party engages in a clear pattern of delay or willful contempt" and the court "specifically finds that lesser sanctions would not suffice." *Betty K. Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333

---

[1] The court notes that counsel moved to withdraw because Plaintiff "has continually failed and refused to provide requested assistance in responding to defendant's written discovery requests" and "has now stopped communicating with the undersigned."  (Doc. 22 at pp. 1-2).  In its Order permitting withdrawal, the court explained that it would "assume that [Plaintiff] has chosen to proceed without counsel, *i.e.,* that he is proceeding pro se and representing himself," if new counsel had not filed an appearance by March 30, 2023.  (Doc. 23 at pp.1-2).

(11th Cir. 2005) (citations omitted).  It additionally has been observed that "the harsh sanction of dismissal with prejudice is thought to be more appropriate in a case where a party, as distinct from counsel, is culpable."  *Id*. (citing *Gratton v. Great Am. Commc'ns.*, 178 F.3d 1373, 1375 (11th Cir.1999)) (emphasis added).

Here, the record reflects that Plaintiff has delayed—and indeed refused—Defendant's efforts to conduct discovery.  Responses to interrogatories and requests for production were due in February 2023 but have not been provided.  Responses to requests for admission were due in June 2023 and likewise have not been provided.  Not only that, Plaintiff failed to appear for his properly-noticed deposition in July 2023.  Counsel for Defendant afforded Plaintiff multiple opportunities to take action, and Plaintiff was expressly cautioned that a dismissal would be sought in the event of his continued non-compliance with discovery obligations.  It appears from the record that Plaintiff received all such communications/materials and simply elected not to respond despite being informed of the legal requirement to do so and despite being warned of the consequences that would ensue.

The undersigned Magistrate Judge finds that Plaintiff's failure to respond to written discovery requests, appear for deposition, comply the court's directives, or otherwise participate in the proceedings reflects a clear record of delay and willful contempt.  The undersigned further finds that any lesser sanction than dismissal would not be appropriate under the circumstances, *i.e.,* where Plaintiff has failed to communicate regarding discovery or take advantage of the many chances to move his claims forward.  Accordingly, it is hereby **RECOMMENDED** that this action be **DISMISSED** with prejudice for failure to prosecute.  *See, e.g., Calloway v. Perdue Farms, Inc.*, 313 F. App'x 246 (11th Cir. 2009); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (explaining that pro se parties are subject to discovery rules and court orders).

Any party may file written objections to this Recommendation. Such objections must be filed with the Clerk of Court no later than **September 27, 2023**, must identify every objectionable finding or recommendation, and must state the specific basis for every objection being asserted. An objecting party also must identify any claim that the Recommendation has not addressed. Frivolous, conclusive, or general objections will not be considered.

After receiving all objections, the District Judge will conduct a *de novo* review of the findings or recommendations to which objection is made. The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with instructions for further proceedings. *See* 28 U.S.C. § 636(b)(1)(C). A party shall be deemed to have waived the right to challenge on appeal the District Judge's order to the extent it is based upon unobjected-to findings or recommendations. The court on appeal may review unobjected-to factual and legal conclusions only for plain error if necessary in the interests of justice. *See* 11th Cir. R. 3-1. No party may appeal this Recommendation directly to the United States Court of Appeals for the Eleventh Circuit. A party may appeal only from a final judgment ultimately entered by the District Judge.

**DONE** this the 13th day of September 2023.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**